36726.   MORTON *v.* DAVIES.

DECIDED MAY 28, 1957.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error.
*Robert J. Reed, R. Wilson Smith, Jr.,* contra.

FELTON, C. J. 1. The evidence did not authorize the finding that while the car was in the garage and during the time the back-up lights were being installed and at the time the car rolled against the plaintiff, the car was in the custody and control of the defendant. The evidence showed that the garage owner, Mr. Hudgins, had complete charge of installing the back-up lights on the defendant's automobile. The fact that the defendant approved the plans of where the back-up lights were to be placed as drawn by Mr. Hudgins and that the defendant at the direction of and under the supervision of Mr. Hudgins rendered some assistance to Mr. Hudgins, did not give the defendant custody and control of his automobile at the time.

2. The evidence failed to show that the defendant was negligent in the manner in which he parked his automobile. The automobile remained stationary and was secure for two hours and remained so until Mr. Hudgins reached inside, whereupon immediately the car began to roll. While Mr. Hudgins testified at first that he did not touch anything in the automobile when he reached in, he later testified that he could have pulled the brake release lever by mistake. This is perfectly feasible because the reason Mr. Hudgins reached inside the car was to pull the hood release lever. From the facts that the car remained stationary and secure for two hours after it was parked by the defendant and that it began rolling immediately upon Mr. Hudgins' reaching inside to pull the hood release lever and that

Mr. Hudgins testified that he could have possibly by mistake pulled the brake release lever, the conclusion is inescapable that the car was set in motion due to same action on the part of Mr. Hudgins and not because of the manner in which the defendant parked or braked the automobile.

Since the evidence did not authorize any finding of negligence on the part of the defendant, the court did not err in awarding a nonsuit.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*